

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# USA v. Bronson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bronson" (2007). *2007 Decisions.* Paper 538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2045

———————

UNITED STATES OF AMERICA

v.

JOHN I. BRONSON, JR.

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 03-cr-00087)
District Judge: Hon. Joy F. Conti

———————

Submitted under Third Circuit LAR 34.1(a)
on May 16, 2007

Before: FISHER, NYGAARD and ROTH, Circuit Judges

(filed: August 28, 2007 )

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

John I. Bronson, Jr., appeals his judgment of sentence. He contends that the District Court did not reasonably apply the sentencing factors found in 18 U.S.C. § 3553(a). For the reasons set forth below, we will affirm the District Court's sentence of 135 months imposed on Bronson.

## I. Factual and Procedural History

On March 18, 2004, Bronson pled guilty to two counts – (1) conspiracy to distribute five kilograms or more of a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846; and (2) possession with intent to distribute and distribution of a quantity of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The statutory minimum sentence for these violations is 120 months. The conviction carried a adjusted offense level of 31. Bronson had a previous conviction which gave him a criminal history level of III. The Sentencing Guidelines recommended a sentence of 135 to 168 months for an offense level of 31 and criminal history level of III. He was sentenced to 151 months of prison on July 30, 2004. Bronson appealed his conviction and his sentence. On July 25, 2005, this Court affirmed the conviction but vacated Bronson's sentence, remanding the case for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). On September 9, 2005, Bronson filed a petition for a writ of certiorari with the United States Supreme Court, but that petition was denied.

While in prison, Bronson participated in a variety of rehabilitation programs at the

2

recommendation of the District Court. He participated in drug education, Alcoholics Anonymous, and wellness programs. He became a UNICOR employee and completed other vocational training. At his re-sentencing hearing on February 3, 2006, Bronson was sentenced to 135 months, the minimum guidelines sentence for his offense level and criminal history. Bronson filed an untimely appeal to this Court on March 23, 2006. The District Court, however, granted Bronson's motion to excuse the untimely filing of the notice of appeal.

## II. **Jurisdiction and Standard of Review**

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will review Bronson's sentence for reasonableness. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

## III. **Analysis**

To determine if a court acted reasonably in imposing a sentence, we must determine whether it exercised its discretion by considering the relevant factors found in 18 U.S.C. § 3553(a). *Id.* at 329. The record must show that the court gave meaningful consideration to these factors. *Id.* Second, we must determine whether those § 3553(a) factors were reasonably applied to the circumstances of the case, giving deference to the trial court, as it is in the best position to determine the best sentence in light of the particular circumstances of the case. *Id.* at 330. In this appeal, Bronson does not contend that the District Court did

3

not consider the relevant factors found in § 3553(a). Instead, he alleges that these factors were not reasonably applied to the circumstances of his case. In particular, Bronson argues that the District Court should have taken into greater consideration his post-conviction rehabilitation and imposed a sentence closer to the statutory minimum of 120 months.

We disagree with Bronson's contention that the § 3553(a) factors were not reasonably applied, especially with regard to his post-conviction rehabilitation. The fourth factor under § 3553(a) requires the District Court to consider the kinds of sentences and sentencing range found in the guidelines. The guidelines recommended a sentence of 135 to 168 months for Bronson. In considering the guidelines sentence, the District Court clearly stated that it was reducing Bronson's sentence to 135 months in large part because of his post-conviction rehabilitation efforts, but that reducing his sentence below the guidelines minimum would not be appropriate, given Bronson's criminal history and the seriousness of his offense. Bronson fails to provide any support for his contention that the fourth factor was unreasonably applied to his circumstances, merely re-stating the specifics of his post-conviction rehabilitation.

The burden falls on Bronson to prove the unreasonableness of his sentence of 135 months. See *id.* at 332. Although Bronson contends that the § 3553(a) factors were unreasonably applied, it is clear from the record that the factors under § 3553(a) were considered and reasonably applied by the District Court. Bronson has not met his burden of proof.

4

**IV. Conclusion**

For the reasons set forth above, we will **affirm** the District Court's judgment of sentence.